**In re Harmon E. CALDWELL, Debtor.**

**Harmon E. CALDWELL, Plaintiff,**

v.

**DIXIE FINANCE CORP. OF GEORGIA, Defendant.**

**Bankruptcy No. 81–00003N.
Adv. No. 81–0086N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

Dec. 10, 1981.

---

7. Counsel subsequently filed an answer and appeared at the hearing on the merits continu-ing to object to jurisdiction.

Dwight Bowen, Atlanta, Ga., for plaintiff.

Lewis N. Jones, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the plaintiff's motion for summary judgment arising out of his complaint in which he alleges violations of 15 U.S.C. § 1601 *et seq.*, the Consumer Credit Protection Act. The plaintiff's complaint alleges that (1) the defendant violated Reg. Z, § 226.8(b)(5) by disclosing a security interest in the plaintiff's homestead exemptions that the plaintiff agreed to waive; and (2) that the defendant failed to disclose the ten-day limitation on a security interest in after-acquired consumer goods pursuant to *Ga.Code* § 109A–9–204.

The plaintiff alleges that the security interest granted in the plaintiff's homestead exemption is nonexistent because under § 522(f) of the Bankruptcy Code, a debtor may avoid such a security interest if it is a nonpossessory, nonpurchase-money security interest in household furnishings, household goods, etc. *Ga.Code* § 51–1101 allows a waiver of exemptions. Accordingly, until such time as a debtor files a petition in bankruptcy and takes active steps to avoid a lien which impairs an exemption of said debtor, a waiver of exemptions is valid and a security interest in those exemptions is also valid. Furthermore, § 522(1) of the Bankruptcy Code requires the debtor to file a list of property which he claims as exempt. (See 3 *Collier on Bankruptcy* ¶ 522.07, p. 522–24, 15th ed.)

Thus, a waiver of exemptions is not void but voidable and therefore the disclosure statement at issue disclosed a valid, enforceable security interest in the debtor's homestead exemption.

■ The plaintiff alleges that the following language was insufficient to apprise him of the ten-day limitation on a security interest in after-acquired property pursuant to *Ga.Code* § 109A–9–204.

> "The undersigned ... hereby gives the above-named lender ... a security interest under the Uniform Commercial Code in the property ... described below. 1 GE Color TV, 1 Morse Stereo W/AM–FM Radio & Phonograph ... together with all replacements and substitutions thereof, and all improvements, betterments, and accessories thereto, and all other equipment, parts, accessories, and attachments, now or hereafter installed in, affixed to or used in connection with said property and all other consumer goods of a similar kind hereafter acquired within *10* days of the date of this loan."

The plaintiff alleges that the ten-day limitation applies only to "all other consumer goods." This Court finds that this language clearly informs a borrower of the limitation on a security interest in after-acquired property contained in *Ga.Code* § 109A–9–204.

Therefore, for the above-stated reasons, plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.